## , PEOPLE v. HOLLAND TRUST CO.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

TAXATION (§ 126*)—PERSONS SUBJECT—TRUST COMPANY—DISCONTINUANCE OF BUSINESS.

　　A trust company which was ordered by the superintendent of banks to receive no new deposits, but which continued to act as trustee with reference to existing trusts, renewed paper, paid depositors, made new loans, maintained its banking office, made its regular reports, and performed all its usual business, except to take new deposits, continued in business, and was subject to taxation.

　　[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 228; Dec. Dig. § 126.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Albany County.

Action by the People against the Holland Trust Company. From an order confirming the report of a referee, and dismissing the claim of plaintiffs as claimants against the receiver for unpaid taxes against the Holland Trust Company for the years 1901 and 1902, plaintiffs appeal. Reversed and remanded, and referee discharged.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward R. O'Malley, Atty. Gen. (Irving D. Vann, of counsel), for the People.

Edward Russell, for respondent.

JOHN M. KELLOGG, J. The referee has dismissed the claim of the plaintiff upon the ground that during the years for which the taxes were imposed the trust company was not carrying on the business of a trust company, in that it had been orally directed by the superintendent of banks that it must receive no new deposits. The superintendent of banks January 2, 1894, found the company deficient in its balance sheet. Its assets were short and he was apprehensive as to the condition of the capital. The condition of the trust company was bad. He notified it orally that it must stop taking deposits or he would wind it up; that the examination showed the company was in a bad way, and it was a question with him whether he would wind it up or not; that he would apply for a receiver unless they stopped taking deposits. Its officers wanted to avert that, and agreed that they would pay off depositors and take no new deposits. Thereafter it took no new deposits and accepted no new trusts. It, however, continued to act as trustee with reference to existing trusts, renewed paper, paid depositors, and made some new loans which were perhaps necessary in order to protect certain property or persons in whom it was financially interested. It maintained its banking office, made its regular reports, and performed all of its usual business with the exceptions stated, until in October, 1906, receivers were appointed in proceedings for its dissolution.

The fact that the trust company was not doing business in a safe way, and that the interests of the public required that it must mend its ways or stop receiving deposits, furnishes no reason why it may continue to exercise its other functions and then evade the payment of taxes by reason of the fact that its improper conduct of business does not permit it to receive deposits. The superintendent of banks had no legal power to orally prohibit the company from transacting any part of its proper business. It was probably not understood by him or the company that he had attempted to make any such prohibition. He had simply notified it that he would take legal action if it continued to receive deposits in its then condition. The company had the right to go into liquidation, or to restore its assets to a safe condition, or to act upon the warning of the bank superintendent, or to disregard the warning, and let the legal consequences follow. It elected to transact such business as it could in its impaired condition. It was clearly exercising its franchise as a trust company. Whatever

it did was done under its franchise, and it is immaterial for the purposes of taxation how much or how little it accomplished. People ex rel. Fifth Ave. Bldg. Co. v. Williams, 198 N. Y. 238, 91 N. E. 638.

The order appealed from and the determination of the referee are reversed upon the law and the facts, the referee discharged, and the matter remitted to the Special Term for further consideration. All concur.